UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN IBN-DON MUMIT TURNER,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN JOHNSON, et al.,<br><br>Defendants. | Civil Action No. 17-0541 (PGS)<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on a civil rights Complaint filed by Plaintiff Juan Ibn-Don Mumit Turner. Plaintiff is a convicted prisoner confined at the New Jersey State Prison in Trenton, New Jersey. ECF No. 1 at 2. The Complaint asserts denial of access to the courts claims against prison officials and the Clerk of Court, Marcia L. Waldron, for the Third Circuit Court of Appeals. ECF No. 1 at 1. As Plaintiff has been granted *in forma pauperis* status, the Court must review the Complaint to see if it is subject to dismissal under 28 U.S.C. §1915(e)(2)(B), on the account that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. It appearing:

1. A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that

the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013).

2. The Complaint fails to state a claim against Waldron. The allegations in the Complaint center around Plaintiff's assertions that the prison's delay in delivering his legal mail, which included an order denying his federal habeas petition, resulted in his loss of opportunity to appeal the habeas denial. ECF No. 1 at 6. The Court fails to see how any of those allegations would implicate Waldron. Indeed, as Plaintiff himself admits in the Complaint, "the prison not the federal clerk is more likely responsible for the opinion reaching me two months late[,]" *id.*, and there is no allegation whatsoever explaining how Waldron was personally involved in the delay. As such, Plaintiff's claim against Waldron is dismissed.

3. The balance of the Complaint is permitted to proceed past screening.

**IT IS** therefore on this \_\_\_15\_\_\_ day of \_\_\_March_____, 2017,

**OREDERED** that Plaintiff's claim against Defendant Marcia L. Waldron is hereby **DISMISSED**, and Waldron is hereby **DISMISSED** from the case; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon Defendants, with all costs of service advanced by the United States[1]; it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A); it is further

---

[1] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

2

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service.[2]

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Peter G. Sheridan, U.S.D.J.

---

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.