UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN IBN-DON MUMIT TURNER, | Civil Action No. 17-541 (PGS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| STEVEN JOHNSON, et al., | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**,

Pending before the Court is Plaintiff Juan Ibn-Don Mumit Turner's ("Plaintiff") motion to supplement his Complaint[1] pursuant to FED.R.CIV.P. 15(d). (Docket Entry No. 5). Defendants have not filed opposition to Plaintiff's motion. The Court has fully considered Plaintiff's moving papers and decides Plaintiff's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons stated below, Plaintiff's motion is GRANTED.

**I.     Background**

On January 6, 2017, Plaintiff filed his Complaint alleging that New Jersey State Prison (N.J.S.P.) caused his appeal of the denial of his habeas corpus petition to be denied by the District Court by withholding his mail from him. (Pl.'s Compl. at 1). Specifically, Plaintiff states that N.J.S.P. did not deliver the opinion denying his habeas corpus petition in time for him to file a notice of appeal. (Id.) Plaintiff filed the instant motion on March 30, 2017 before an Answer was filed by Defendants. Plaintiff seeks to submit documents that support Plaintiff's claim that N.J.S.P. "has and continues to interfere with Plaintiff's filing appeals and having

1

access to the courts." (Pl.'s Mot. at 1).

**II. Analysis**

Rule 15(d) governs the filing of supplemental pleadings. "Requests to supplement pleadings are left to the sound discretion of the court." *Glenside West Corp. v. Exxon Co., U.S.A.*, 761 F.Supp. 1118, 1133 (D.N.J. 1991). According to Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d) serves many important purposes. It promotes "judicial economy, avoids multiplicity of litigation, and promotes 'as complete an adjudication of the dispute between the parties as possible. . . .'" *Hassoun v. Cimmino*, 126 F.Supp.2d 353, 360 (D.N.J. 2000) (quoting *Glenside*, 761 F.Supp. at 1134 (citations omitted)).

While the text of Rule 15(d) does not include Rule 15(a)'s explicit mandate that leave be "freely give[n]," courts have construed Rule 15(d) to require such a liberal approach. As such, "[l]eave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading." *Hassoun*, 126 F.Supp.2d at 360-61.

Here, Plaintiff filed a motion to file a supplemental complaint sixty days after the original complaint was filed and before Defendants have filed an Answer. The supplemental allegations that Plaintiff seeks to add are connected to the allegations contained in the original Complaint and the Court finds that it would be more efficient and economic for these claims, which are substantially similar to those already raised by Plaintiff, to be resolved as part of this litigation,

---

[1]The Court will treat Plaintiff's "Motion to Expand the Record" as a motion to supplement the Complaint.

rather than for them to be adjudicated in an entirely separate litigation.  In addition, the Court finds that the proposed supplemental allegations are not the product of undue delay, bad faith or dilatory tactics, nor will Defendants be unduly prejudiced by same.

## III.  Conclusion

For the reasons stated above, Plaintiff's motion to file a supplemental complaint is granted.  An appropriate Order follows.

Dated: July 12, 2017

                                              s/Tonianne J. Bongiovanni
                                              **HONORABLE TONIANNE J. BONGIOVANNI**
                                              **UNITED STATES MAGISTRATE JUDGE**