UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JUAN IBN-DON MUMIT TURNER,

    Plaintiff,

v.

STEVEN JOHNSON, *et al.*,

    Defendants.

Civil Action No.
3:17-cv-0541 (PGS) (TJB)

**MEMORANDUM AND ORDER**

**SHERIDAN, U.S.D.J.**

    This matter comes before the Court on a motion filed by Plaintiff Juan Ibn-Don Mumit Turner. The motion seeks relief on two matters. The first is a "motion to be transferred by court order to East Jersey State Prison in Rahway, New Jersey." The Court issued a memorandum and order denying that aspect of the motion on April 16, 2019. (ECF No. 68).

    Defendant's second request is that the Court direct the State of New Jersey to ship his property (including his mini-tablet) from Florida, where he was formerly incarcerated, to return the property to him. (ECF No. 61). Pursuant to the Court's April 16, 2019 order, the parties have submitted supplemental briefing. (ECF Nos. 73, 75).

**I.**

    Plaintiff is incarcerated in New Jersey State Prison. Plaintiff was transferred to a facility in Florida. However, on November 18, 2018, Plaintiff requested to be transferred back to New Jersey because (1) the transfer to Florida did not facilitate family visitations to Plaintiff's satisfaction and (2) Plaintiff had ongoing legal matters in New Jersey.

Plaintiff claims that when he was transferred back to New Jersey, prison officials did not permit him to bring his court documents or his electronic tablet with him. Specifically, Plaintiff seeks: (1) "A court order for the State of New Jersey to pay for [his] property to be shipped here from Florida . . . and for this Court to put a lien on [Plaintiff's] inmate account where a percentage of funds can be deducted until that amount is repaid by Plaintiff"; and (2) "a court order for Plaintiff's JP-5 mini tablet to be released to him in general population or held by the educational supervisor in the DB school so that Plaintiff may have access to it to review his legal documents."

## II.

Plaintiff's first claim – for his documents to be returned to him at the expense of the State of New Jersey – is meritless. New Jersey regulations provide: "The shipment of personal property in consensual transfers that are requested by the inmate for personal reasons, such as, but not limited to, programmatic opportunities or family reasons, shall be at the expense of the inmate." N.J.A.C. § 10A:1-11.7(g)(2). Exhibit A to the Defendants' brief demonstrates – in Plaintiff's own writing – that Plaintiff requested the transfer to and from Florida. Therefore, Plaintiff is responsible for the expenses associated with the transfer. Moreover, Plaintiff appears to acknowledge that the "boxes of legal work" that are the subject of the request have been mailed from New River Correctional Institute (the Florida facility).

Therefore, because Plaintiff himself is responsible for the expenses associated with the shipment and the documents appear to have been already mailed, this aspect of his motion is denied.

## III.

Plaintiff's second request, relating to his JP-5 mini tablet, is similarly meritless because that device is not permitted in New Jersey correctional institutions by the New Jersey Department

2

of Corrections. The Department of Corrections maintains a "Zero Tolerance for Misuse of Electronic Communication Device Policy." N.J.A.C. § 10A:4-12.2(a)(2).[1] According to the Declaration of Lt. Steve Jonaitis, attached to Defendants' brief, "The JP5 type rechargeable battery, that Plaintiff acquired while housed in a Florida correctional facility, is not authorized in NJDOC facilities for operational security reasons." (Defendants' Brief, Ex. B, Declaration of Lt. Steve Jonaitis ("Jonaitis Decl."), ECF No. 73-1 at ¶ 9). The Supreme Court has emphasized "the importance of according deference to prison authorities' choices about how to run their institution." *Washington v. Klem*, 497 F.3d 272 (3d Cir. 2007) (citing *Cutter v. Wilkinson*, 544 U.S. 709 (2005)). The Court sees no reason to question the prison authorities' choices here.

Moreover, Defendants have cited N.J.A.C. § 10A:1-11.3, which provides a procedure regarding an inmate's non-permissible property:

> Designated staff at the correctional facility shall inventory and package the nonpermissible personal property and the inmate shall indicate, in writing, which of the following means of disposal should be used with respect to the non-permissible personal property. The non-permissible personal property shall either be:
>
> 1. Mailed to the inmate's home at the inmate's expense;
>
> 2. Given to a visitor designated by the inmate;
>
> . . . .

N.J.A.C. § 10A:1-11.3(b). Inmates are responsible for "arrang[ing] for the removal of the non-permissible personal property." N.J.A.C. § 10A:1-11.3(c). In fact, Defendants have indicated, "Plaintiff may indicate in writing whether his non-permissible JP5 JPlayer should be mailed to his family, at his expense, or given to a visitor that he designates." (Defendants' Supplemental Brief, ECF No. 73 at 4 (citing N.J.A.C. 10A:1-11.3(b)(1), (2)). The Court therefore notes that Plaintiff

---

[1] "Electronic communication device" is defined in N.J.A.C. 10A:1-2.2.

has a means available to him of retaining ownership of the JP5 mini tablet without violating DOC policy. Plaintiff's request to have the tablet returned to him is denied.

### IV.

Any application or motion relating to discovery issues that may derive from this decision should be addressed to the Magistrate Judge assigned to this case.

### ORDER

This matter comes before the Court on motion by the Plaintiff for the return of his documents and a tablet. For the reasons set forth in this written opinion and for good cause shown;

**IT IS** on this 15th day of July, 2019;

**ORDERED** that Plaintiff's motion (ECF No. 61) is denied.

*[signature]*
PETER G. SHERIDAN, U.S.D.J.