UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN IBN-DON MUMIT TURNER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 17-541 (PGS) (TJB) |
| STEVEN JOHNSON, et al., | : MEMORANDUM |
| Defendants. | : |

## I. INTRODUCTION

Plaintiff, Juan Ibn-Don Mumit Turner ("Plaintiff" or "Turner") is a state inmate currently incarcerated at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. He is proceeding *pro se* in this civil action pursuant to 42 U.S.C. § 1983. Presently pending before this Court is Plaintiff's proposed amended complaint. (*See* ECF 91). Also pending before this Court is Defendants Gerard Doran and Steven Johnson's (collectively the "Moving Defendants") motion to dismiss the amended complaint. (*See* ECF 92). Furthermore, Plaintiff has filed a motion for partial summary judgment against Moving Defendants. (*See* ECF 93).

For the following reasons, the second amended complaint will be permitted to proceed in part. Moving Defendants motion to dismiss is denied. Finally, Plaintiff's motion for partial summary judgment is denied without prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his initial complaint in January, 2017. (*See* ECF 1). The original complaint asserted an access to courts claim against the Moving Defendants which was permitted to

proceed past screening.[1] At the time, this Court noted "[t]he allegations of the Complaint center around Plaintiff's assertions that the prison's delay in delivering his legal mail, which included an order denying his federal habeas petition, resulted in his loss of opportunity to appeal the habeas denial." (*See id.* at 2).

On December 31, 2017, Moving Defendants moved to dismiss the complaint. (*See* ECF 28). Plaintiff then filed an opposition to the motion to dismiss as well as a cross-motion to amend his complaint. (*See* ECF 31). In the cross-motion to amend, Plaintiff asserted claims against more defendants as well as a claim for retaliation. This Court heard argument on these two motions on April 30, 2018. (*See* ECF 39 & 40). Ultimately, this Court denied Moving Defendants motion to dismiss, granted Plaintiff's cross-motion to amend, but only permitted Plaintiff's access to courts claim to proceed against the Moving Defendants. (*See* ECF 45). Thus, only the Moving Defendants remained as Defendants in this case at that time.

On July 3, 2018, Moving Defendants answered the amended complaint. (*See* ECF 52). The matter than moved into discovery before Magistrate Judge Bongiovanni. On May 31, 2019, Plaintiff filed a motion to amend his amended complaint. (*See* ECF 74). The motion was referred to Magistrate Judge Bongiovanni who granted the motion, giving Plaintiff additional time to file a second amended complaint. (*See* ECF 82).

On February 18, 2020, this Court received Plaintiff's second amended complaint. (*See* ECF 91). In addition to naming the Moving Defendants, the second amended complaint names several other corrections officials as defendants. In addition to asserting an access to court claim, the second amended complaint raises claims of retaliation, confiscation of property, opening

---

[1] The original complaint also sought to bring an access to courts claim against the Clerk of the Third Circuit at the time, Marcia Waldron. However, the access to courts claim against her was dismissed. (*See* ECF 3 at 2).

legal mail and equal protection. Additionally, the second amended complaint appears to assert state law claims related to violations of the New Jersey Administrative Code.

Moving Defendants filed a motion to dismiss the second amended complaint that Plaintiff opposes. (*See* ECF 92 & 95). Additionally, Plaintiff filed a motion for partial summary judgment on his claim that Moving Defendants are liable to him on his access to courts claim that Moving Defendants oppose. (*See* ECF 93 & 96).

### III. LEGAL STANDARDS

A. Screening Second Amended Complaint and Motion to Dismiss

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed.[2] *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

---

[2] While plaintiff is now proceeding through counsel, given that this Court is reviewing his complaints which he filed *pro se*, they will be liberally construed.

4

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof ... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

If the moving party meets its threshold burden, the opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *See Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid.*

*Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006) ("To prevail on a motion for summary judgment, the nonmoving party needs to show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial.").

## IV. DISCUSSION

### A. Screening Second Amended Complaint

Prior to analyzing the two pending motions, this Court must first screen the second amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

#### i. *Violation of New Jersey Administrative Code Title 10A*

Plaintiff alludes to violations of New Jersey's Administrative Code Title 10A in his second amended complaint against numerous defendants. Nevertheless, as this Court noted in screening Plaintiff's previous amended complaint:

> The portions of the administrative code cited by Plaintiff do not explicitly provide for a private cause of action. When a statute does not expressly provide a private right of action, New Jersey courts "have been reluctant to infer" such a right. *R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*, 773 A.2d 1132, 1142 (N.J. 2001). The factors used by courts to determine whether a statute confers an implied private right of action include whether: "(1) plaintiff is a member of the class for whose special benefit the statute was enacted; (2) there is any evidence that the Legislature intended to create a private right of action under the statute; and (3) it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy." *Id.* at 1143. While courts give weight to all three factors, "the primary goal has almost invariably been a search for the underlying legislative intent." *Ibid.* (quoting *Jalowiecki v. Leuc*, 440 A.2d 21, 26 (N.J. Super. Ct. App. Div. 1981) ). *See also Ferraro v. City of Long Branch*, 714 A.2d 945, 955 (N.J. Super. Ct. App. Div. 1998) ("[T]he breach of administrative regulations does not of itself give rise to a private cause of action.").
>
> Plaintiff would appear to be among the class of persons for whom the code provision was intended to benefit, *i.e.*, an inmate at a state

> prison. *See, e.g.*, N.J. ADMIN. CODE § 10A:6–2.1. ("Inmates have a constitutional right of access to the courts. Correctional facility authorities shall assist inmates in the preparation and filing of meaningful legal papers by providing inmates with adequate law libraries or adequate assistance from persons trained in the law."). There is no support that the Legislature intended these provisions to provide a basis for a civil suit for damages, or authorized the Commissioner of the Department of Corrections to create a basis for state civil liability in the administrative code.

*Turner v. Johnson*, No. 17-0541, 2018 WL 2859678, at *6 (D.N.J. June 11, 2018). Accordingly, this portion of the second amended complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted.

    ii.    *Access to Courts – Johnson and Doran*

Johnson is the administrator of NJSP. Doran is a Sergeant at the NJSP. This Court previously proceeded Plaintiff's access to courts claim against Johnson and Doran and denied Moving Defendants motion to dismiss this claim against him. Indeed, the claim has already had extensive discovery before Magistrate Judge Bongiovanni.

The second amended complaint brings the access to court claim against Johnson and Doran in both their official and individual capacities. However, Plaintiff cannot bring his access to courts claim for monetary damages against these two defendants in their official capacities. Indeed, a state official sued in his official capacity for monetary damages is not a "person" for purposes of Section 1983.[3] *See House v. Fisher*, No. 14-2133, 2016 WL 538648, at *7 (M.D. Pa. Feb. 11, 2016) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-71 (1989)); *Goode v. New Jersey Dep't of Corr.*, No. 11-6960, 2015 WL 1924409, at *10 (D.N.J. Apr. 28, 2015) (state officials sued in official capacities for monetary damages are not "persons" within meaning of Section 1983); *Johnson v. Mondrosch*, No. 13-3461, 2013 WL 12085239, at *3 (E.D.

---

[3] To the extent that Plaintiff seeks monetary damages from all of the defendants named in the complaint in their official capacities, such claims will also be dismissed with prejudice.

7

Pa. Dec. 3, 2013) (same). Additionally, "[i]ndividual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Thus, this portion of the access to courts claim against these two defendants will be dismissed with prejudice.

Nevertheless, for similar reasons discussed in this Court's June 11, 2018 opinion, Plaintiff's access to courts claim against Johnson and Doran to the extent it seeks injunctive relief, as well as his claim against them in their individual capacities for monetary damages shall be permitted to proceed.

  iii. *Retaliation – Goodwin & Jovanovic*

Plaintiff next alleges he was retaliated against by Senior Correctional Officers Goodwin and Jovanovic because his filed this civil action. (*See* ECF 91 at 12-13). He states these two officers retaliated against him by preventing him from showering for three days. (*See id*).

"A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal connection between the exercise of his constitutional rights and the adverse action taken against him." *Mack v. Yost*, 427 F. App'x 70, 72 (3d Cir. 2011) (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). With respect to the third element, the plaintiff must allege that the constitutionally protected conduct was a substantial or motivating factor for the adverse action to sufficiently state a retaliation claim. *See Velasquez v. Diguglielmo*, 516 F. Appx. 91, 95 (3d Cir. 2013) (citing *Cater v. McGrady*, 292 F.3d 152, 157, 158 (3d Cir. 2002)); *Rauser* [*v. Horn*, 241 F.3d [330,] 333 [ (3d Cir. 2001) ].

Plaintiff fails to allege with facial plausibility a retaliation claim against Goodwin and Jovanovic. To be considered adverse, the action must be more than *de minimus*. *See Watson v. Rosum*, 834 F.3d 417, 423 (3d Cir. 2016); *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006). Plaintiff's s allegation that these two officers prevented him from showering for three days insufficiently alleges an adverse action necessary to sustain a retaliation claim. *See Purdie v. Graham*, No. 09-971, 2012 WL 1085817, at *7 (N.D.N.Y. Feb. 29, 2012) (denial of showers for a few days does not rise to level of adverse action), *report and recommendation adopted in part and denied in part*, 2012 WL 1097321 (N.D.N.Y. Mar. 30, 2012). Accordingly, this claim against these two defendants is dismissed without prejudice. These two defendants will be terminated from this action.

    iv.    *Withholding Mail – Kelly, Martin & Patterson*

Plaintiff next argues mail from Florida, which included two boxes of legal material, was impermissibly withheld for two months. This purportedly placed Plaintiff at a disadvantage in litigating this civil rights action. Defendants Kelly, Martin and Patterson were purportedly involved in withholding this mail from Plaintiff.

Initially, Plaintiff may be asserting an access to courts claim against these three Defendants. As this Court noted in a prior opinion in this case:

> An access to the courts claim requires a plaintiff to plead facts indicating "he has suffered an actual injury to his ability to present a claim. A prisoner can show an actual injury only when a nonfrivolous, arguable claim is lost." *Henry v. Moore*, 500 F. App'x 115, 117 (3d Cir. 2012) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 352–54 (1996)). Additionally, "the claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement [and] a prisoner must demonstrate that no other remedy will potentially compensate for the lost claim." *Ibid.* (internal citations omitted); *see also Lewis*, 518 U.S. at 355 ("Impairment of any other litigating capacity is simply one of the

> incidental (and perfectly constitutional) consequences of conviction and incarceration.").

*Turner*, 2018 WL 2859678, at *4.

Plaintiff fails to state an access to court claim against these three defendants for their purported withholding of his mail as he fails to allege actual injury. Indeed, this case is ongoing. While Plaintiff states that this property was withheld from him during the time he was deposed, Plaintiff does not indicate what arguable claim(s) he has lost in this action by him being deprived of documents for two months.

Additionally, the purported deprivation of Plaintiff's property for two months does not state an independent constitutional claim in and of itself. Indeed:

> An unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982), the Supreme Court explained, however, that post-deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action.

*Stokes v. Lanigan*, No. 12–1478, 2012 WL 4662487, at *4 (D.N.J. Oct. 2, 2012). New Jersey provides a post-deprivation remedy for unauthorized deprivation of property by public employees through the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1–1, *et seq*. Because a meaningful post-deprivation remedy is available, Plaintiff fails to state a due process claim with respect to the purported withholding of his property. Therefore, Plaintiff's claims against Kelly, Martin and Patterson are denied without prejudice for failure to state a claim upon which relief may be granted. Each will be terminated from this action as defendants.

  v.  *Retaliation - Removal from Prison Class – Merten*

Plaintiff next complains that Defendant Merten improperly removed him from his college correspondence course on December 18, 2019 in retaliation for Plaintiff filing this action. Plaintiff though admits Administrator Emrich reassigned Plaintiff back to the college correspondence program a few weeks later on January 8, 2020. (*See* ECF 91 at 26).

This Court finds that Petitioner's removal from his college correspondence course by Merten on one occasion – and one that Plaintiff admits he was subsequently reinstated to - fails to allege a sufficiently adverse action that is more than *de minimus*. *See, e.g., Walker v. Mathis*, 665 F. App'x 140, 143 (3d Cir. 2016) (temporary removal from work assignment and wages for two days insufficient to meet adverse action); *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011) (charging plaintiff with prison misconduct charge that is later dismissed does not rise to the level of adverse action). Accordingly, Plaintiff's retaliation claim against Merten fails to state a claim upon which relief may be granted. The Clerk will be ordered to terminate Merten as a defendant in this action.

  vi.  *Access to Courts/Retaliation – Preventing Law Library Time – Cox & Chavis*

Plaintiff next asserts that his access to the courts was violated when he was prevented by Defendants Cox and Chavis from visiting the law library on one occasion. This claim fails to state an access to courts claim because Plaintiff fails to allege any actual injury – namely that he was prevented from asserting a non-frivolous, arguable claim based on this one-day deprivation. Accordingly, this claim is dismissed without prejudice as to these two defendants.

Plaintiff also appears to assert that he was prevented from visiting the law library by these two defendants one afternoon in retaliation for filing grievances/this lawsuit. However, this Court finds that such an allegation fails to sufficiently allege an adverse action as it is *de*

*minimus*. *See Meeks v. Schofield*, 625 F. App'x 697, 701-02 (6th Cir. 2015) (denial of access to law library on one occasion was *de minimus* conduct that did not constitute an adverse action). The clerk will be ordered to terminate defendant Cox from this action.[4]

    vii.    *Opening Legal Mail – Chavis*

Next, Petitioner alleges he received legal mail on two occasions from Chavis that had already been opened.

A § 1983 plaintiff cannot rely solely on a *respondeat superior* theory to establish liability. *See Alexander v. Gennarini*, 144 F. Appx. 924, 925 (3d Cir. 2005) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior*"). Instead, a plaintiff must allege that a supervisor had a personal involvement in the alleged wrongs. *See Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

A plaintiff may state a First Amendment claim against a defendant who read his legal materials if he alleges that there was a pattern or practice of opening and reading his legal materials outside of his presence. *See Schreane v. Holt*, 482 F. App'x 684, 676-77 (3d Cir. 2012) ("Prisoners may establish a violation of the First Amendment without establishing actual injury where there is a pattern and practice of opening properly marked incoming legal mail outside the prisoner's presence.") (citing *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006)); *see also Thompson v. Hayman*, No. 09-1833, 2011 WL 2652185, at *5 (D.N.J. July 6, 2011) (same). However, absent a pattern or practice, a plaintiff fails to state a claim. *Accord Ortiz v. Prison Bd. Members*, No. 08-2126, 2011 WL 776195, at *4 (M.D. Pa. Feb. 28, 2011) (finding amended

---

[4] For reasons described *infra*, Chavis shall also be terminated as a defendant.

complaint failed to state First Amendment claim where there was no assertion that mail was opened outside of his presence pursuant to any pattern, practice or policy); *Hale v. Pennsylvania Dep't of Corr.*, No. 07-0345, 2010 WL 3791833, at *3 (M.D. Pa. Sept. 16, 2010) ("Isolated incidents of opening legal mail outside of an inmate's presence, without any evidence of improper motive, is nothing more than an assertion of negligence, and is insufficient to establish a constitutional violation.") (citations omitted).

Based on the allegations of the second amended complaint, Plaintiff fails to state a claim against Chavis. The second amended complaint does not even allege that Chavis was responsible for opening his mail. Rather, it appears Chavis is only implicated as the individual who gave Plaintiff his mail once it was already opened. As indicated above, Chavis cannot be held responsible under a *respondeat superior* theory of liability. Plaintiff fails to allege the requisite level of Chavis' personal involvement in this claim to sustain in past screening. Accordingly, the second amended complaint fails to state with any facial plausibility that Chavis is liable on this claim. Accordingly, Chavis shall also be terminated as a defendant.

      viii.   *Equal Protection/Retaliation - Preventing Family from In-Person Visitation – Orne & Emrich*

Finally, Plaintiff alleges that defendants Orne and Emrich violated his constitutional rights by "making up" a policy that prevents Plaintiff from receiving in-person visits if the visitor is on the visiting list of any other inmate in the state. Plaintiff states this "made up" policy violates his equal protection rights and was implemented to retaliate against him. Each of these claims are considered in turn.

      a.   Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is

essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that: (1) he is a member of a protected class; and (b) he was treated differently from similarly situated inmates. *See id.* Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination to state an equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Specifically, he must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). Prison inmates though are not members of a protected class. *See Abdul–Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) (stating that prisoners are not a suspect class).

Plaintiff's allegations do not state that he is a member of a protected class. Therefore, his equal protection claim against them can only proceed if he has sufficiently alleged a "class of one" equal protection theory. Plaintiff's allegations fail to do so. Most notably, he fails to allege that similarly situated inmates (i.e., inmates that had in-person visitors on other inmates' visitation lists) were permitted to visit the prisoner. Accordingly, Plaintiff fails to properly allege an equal protection claim such that it will be dismissed without prejudice.

    b. Retaliation

Next, Plaintiff alleges that this "made up" visitation policy was done in retaliation for Plaintiff filing this lawsuit. Plaintiff alludes to an incident in January 2017 where his family members were turned away. Additionally, Plaintiff alleges the limitation on his in-person visitation has reoccurred since he returned from Florida in 2019.

The filing of this lawsuit protected constitutional activity. *See Mearin v. Vidonish*, 450 F. App'x 100, 102 (3d Cir. 2011). Additionally, this Court will presume at this screening stage, without deciding, that restricting Plaintiff's ability to receive visitation from certain family members could constitute an adverse action. *Cf. Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (transfer to prison where family could not visit could constitute adverse action). Finally, this Court finds Plaintiff has sufficiently alleged a causal connection.

> To establish the requisite causal connection for a retaliation claim predicated on the First Amendment, the plaintiff (here, a prisoner) usually has to prove one of two things: (1) an unusually suggestive time proximity between the protected activity and the allegedly retaliatory action; or (2) a pattern of antagonism coupled with timing to establish a causal link. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). If neither of these showings is made, then the plaintiff must show that, from the evidence in the record as a whole, the trier of fact should infer causation." *Id.*

*DeFranco v. Wolfe*, 387 F. App'x 147, 154 (3d Cir. 2010). While certainly not conclusive, Plaintiff alleges family members were prevented from visiting him starting in January, 2017. Temporal proximity has been shown as this lawsuit was also filed in January, 2017. Accordingly, Plaintiff's retaliation claim against Orne and Emrich will be permitted to proceed.[5]

B. <u>Doran/Johnson's Motion to Dismiss</u>

Defendants Doran and Johnson have filed a motion to dismiss the amended complaint. (*See* ECF 91). Doran and Johnson's first to two arguments for dismissal in their motion have effectively been granted already. First, this Court has dismissed Plaintiff's claims for monetary damages against them in their official capacities. Second, this Court has dismissed any claims that Plaintiff is attempting to bring pursuant to Title 10A of New Jersey's Administrative Code.

---

[5] There may in fact be a legitimate penological interest at issue when the prison implemented its visitation policy. However, such analysis is not appropriate at this early screening stage.

Finally though, this Court has screened the second amended complaint pursuant to the Rule 12(b)(6) standard and determined that Plaintiff's access to court claim against them for injunctive relief as well as his access to courts claim against them in their individual capacities shall proceed. Thus, Moving Defendants' motion to dismiss is denied.

### C. Plaintiff's Motion for Partial Summary Judgment

Finally, Plaintiff brings a motion for partial summary judgment against Doran and Johnson on his access to courts claim. Specifically, he seeks judgment against both Defendants on liability as to this claim. (*See* ECF 93). The motion will be denied without prejudice at this time. For instance, Plaintiff fails to show there is no genuine issue of material fact that he suffered an actual injury, i.e., a nonfrivolous, arguable claim in his habeas case before Judge Simandle that was lost by Doran and Johnson's actions.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint will proceed in part. Moving Defendants' motion to dismiss is denied. Plaintiff's motion for partial summary judgment is denied without prejudice. An appropriate order will be entered.

10/28/20

_____
PETER G. SHERIDAN, U.S.D.J.