<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUAN IBN-DON MUMIT TURNER,<br><br>        Plaintiff,<br><br>  v.<br><br>STEVEN JOHNSON, *et al.*,<br><br>        Defendants. | Civil Action No. 17-0541 (GC) (TJB)<br><br>**OPINION** |

<u>CASTNER, District Judge</u>

**THIS MATTER** comes before the Court on a Motion to Dismiss or for Summary Judgment brought by Defendants Steven Johnson, Gerard Doran, Richard Orne, Amy Emrich, Cherice Hampton, John Burns and Kevin Bezek ("Defendants"). Plaintiff Juan Ibn-Don Mumit Turner's ("Plaintiff") Second Amended Complaint alleges that Defendants violated his civil rights under 42 U.S.C. § 1983 by delaying the delivery of his legal mail, denying him access to the law library, denying him visitation, and retaliating against him for filing this action. For the reasons set forth below, Defendants' Motion will be **GRANTED** in part and **DENIED** in part.

I.    <u>FACTUAL BACKGROUND & PROCEDURAL HISTORY</u>[1]

Plaintiff is a convicted and sentenced state prisoner currently incarcerated in New Jersey State Prison ("NJSP") in Trenton, New Jersey. On January 26, 2017, Plaintiff filed a Complaint alleging NJSP Warden Stephen Johnson, Third Circuit Clerk Marcia Waldron, and Mailroom Sergeant Doran had interfered with his access to the courts by failing to give him Judge Jerome B.

---

[1]    As Defendants are only moving to dismiss some of the claims in the Second Amended Complaint, the Court limits the recitation of the facts that are relevant to the instant motion.

Simandle's, U.S.D.J., opinion dismissing his habeas corpus petition under 28 U.S.C. § 2254 in a timely manner, thereby causing him to lose his opportunity to appeal the habeas denial. (ECF No. 1.) Judge Peter G. Sheridan, U.S.D.J. dismissed Marcia Waldron from the case pursuant to 28 U.S.C.§ 1915(e)(2)(B), but permitted the claims to proceed against Defendants Johnson and Sergeant Doran. (ECF No. 3.)

Defendants Johnson and Doran filed a Motion to Dismiss on December 31, 2017, (ECF No. 28), and Plaintiff filed a Cross-Motion to Amend on February 2, 2018, (ECF No. 31.) Judge Sheridan issued an opinion and order dismissing all claims other than Plaintiff's denial of access to the court claims against Defendants Johnson and Doran in their individual capacities. (ECF No. 46.) Plaintiff filed an Amended Complaint on February 18, 2020 adding claims against Defendants Johnson and Doran for violations of Title 10A of the New Jersey Administrative Code and adding Defendants C.O. Goodwin, L. Jovanovic, G. Kelly, C. Marin, Sergeant Paterson, C.O. Merten, C.O. Cox, C.O. Chavis, Richard Orne, and Amy Emrich. (ECF No. 91.) Defendants moved to dismiss the Amended Complaint for failure to state a claim. (ECF No. 92.) Plaintiff filed a Motion for Summary Judgment on the access to the courts claim. (ECF No. 93.)

Judge Sheridan permitted Plaintiff's access to the court claims against Defendants Johnson and Doran in their individual capacities and his retaliation claim against Defendants Orne and Emrich to proceed. (ECF No. 98.) All other claims and Defendants were dismissed. (*Id.*) Plaintiff's summary judgment motion was denied. (*Id.*)

On August 15, 2023, Plaintiff filed a motion seeking to amend the Complaint to add new claims against Defendants Johnson, Orne, Doran, Emrich, and newly named Defendants C.O. Collins, Sergeant Mendoz, Sergeant Bezek, J. Burns, Anthony Gangi, and Cherice Hampton. (ECF No. 142.) Magistrate Judge Tonianne J. Bongiovanni granted the motion to amend on

2

October 18, 2023.  (ECF No. 146.)  Plaintiff alleged in his new claims that Defendants Bezek and Burns retaliated against him for filing the lawsuit by "repeatedly and unjustifiably restricting his access to the law library," (ECF No. 147 ¶ 109), and that Defendant Hampton retaliated against him by violating a court order that required NJSP to set up a meeting with Plaintiff's counsel via the videoconferencing platform Zoom.  (ECF No. 147 ¶ 108.)

Defendants Johnson, Doran, Orne, Emrich, Hampton, Burns, and Bezek now move to dismiss or for summary judgment on certain claims raised in the Second Amended Complaint. (ECF No. 165.)[2]  Plaintiff opposes the Motion.  (ECF No. 166.)

## II.    STANDARD OF REVIEW

### A.    Motion to Dismiss

A challenge to this court's subject matter jurisdiction is determined pursuant to Federal Rule of Civil Procedure 12(b)(1).  *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).  A motion to dismiss pursuant to Rule 12(b)(1) may attack subject-matter jurisdiction facially or factually.  *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  A facial attack does not dispute the facts as alleged in the complaint, *id.*, and therefore essentially applies the same standard as Rule 12(b)(6), *see Severa v. Solvay Specialty Polymers USA, LLC*, 524 F. Supp. 3d 381, 389 (D.N.J. Mar. 10, 2021) (citing *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)).  A factual attack, on the other hand, challenges the allegations by which jurisdiction is asserted, permitting the court to weigh evidence outside the pleadings and placing a burden of proof on Plaintiff to demonstrate that jurisdiction indeed exists.  *See Davis*, 824 F.3d at 346.

---

[2]    An incorrect version of the Motion was submitted at ECF No. 163.  The Court will refer to the document at ECF No. 165 as Defendants asserted that it should replace No. 163.

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dir. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

**B.  Summary Judgment**

At summary judgment, the moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A fact is material if it "might affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return

a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "If reasonable minds could differ as to the import of the evidence," summary judgment is not appropriate. *See id.* at 250-51. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," no genuine issue for trial exists and summary judgment shall be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## III.   DISCUSSION

### A.   Plaintiff's New Jersey Law Against Discrimination Claims Must be Dismissed

Defendants first argue that sovereign immunity under the Eleventh Amendment precludes Plaintiff from asserting claims under the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq. ("NJLAD"). (ECF No. 165, Moving Brief at 31.) Plaintiff argues an exception to that rule applies because he "is seeking 'relief to end an ongoing violation of federal law,' i.e. the violation of Plaintiff's constitutional and statutory rights . . . ." (ECF No. 166, Opposition Brief at 16-17.)

Sovereign immunity under the Eleventh Amendment "'is a jurisdictional bar which deprives federal courts of subject matter jurisdiction' over states that have not consented to suit." *Richardson v. New Jersey*, Civ. No. 16-135, 2019 WL 6130870, at *3 (D.N.J. Nov. 18, 2019) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996)). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "A State may of course consent to suit, although

such consent must be 'unequivocally expressed.'" *PennEast Pipeline Co., LLC v. New Jersey*, 594 U.S. 482, 500 (2021) (quoting *Sossamon v. Texas*, 563 U.S. 277, 284, (2011)).

"New Jersey . . . 'has not waived its sovereign immunity with respect to NJLAD claims,' outside of instances in which it is sued in its capacity as an employer." *Dessources v. Manning*, Civ. No. 18-9324, 2020 WL 6111018, at *3 (D.N.J. Oct. 16, 2020) (quoting *Heine v. Comm'r of Dep't of Cmty. Affairs of New Jersey*, Civ. No. 11-5347, 2014 WL 4199203, at *5 (D.N.J. Aug. 22, 2014)). Defendants are immune from suit pursuant to the NJLAD in their official capacities because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Davenport v. Fiordaliso*, Civ. No. 18-13687, 2024 WL 343157, at *4 (D.N.J. Jan. 30, 2024) ("The official capacity NJLAD claims also fail because a plaintiff cannot assert a NJLAD claim against . . . a state employee acting in his or her official capacity." (omission in original) (internal quotation marks omitted)). Therefore, the Court dismisses the official capacity NJLAD claims with prejudice.

The Court will also dismiss the individual capacity NJLAD claims, though for different reasons than cited by the parties and without prejudice. *See* 28 U.S.C. §1915(e)(2)(B)(ii) (requiring a court to dismiss any claim brought by a plaintiff proceeding *in forma pauperis* that fails to state a claim). Defendants assert that "individual liability does not exist under the NJLAD, absent evidence that the individual was 'aiding and abetting' the employer's discrimination." (ECF No. 165, Moving Brief at 32.) The cases cited in support of this proposition are allegations of discrimination in the employment context, however. *See, e.g., Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 128–29 (3d Cir. 1999) (NJLAD claim against employer and co-worker); *Perry v.*

*New Jersey Dep't of Corr.*, Civ. No. 21-03523, 2023 WL 3742850 (D.N.J. May 31, 2023) (NJLAD claim against former employer); *Hughes v. State of New Jersey, Off. of Pub. Def./Dep't of Pub. Advoc.*, Civ. No. 11-01442, 2012 WL 761997, at *1 (D.N.J. Mar. 7, 2012) (NJLAD claim against employer).  Plaintiff and Defendants do not have an employer/employee relationship.  To the extent Plaintiff has an NJLAD claim against Defendants, it would be based on NJLAD's prohibition on discrimination in public accommodations.  *See Thomas v. Cnty. of Camden*, 386 N.J. Super. 582, 590 (N.J. Super. Ct. App. Div. 2006) ("Significantly, the prohibition of discrimination in relation to public accommodation is functionally distinct from the ban on employment discrimination." (cleaned up)).

The NJLAD makes it unlawful "[f]or any . . . employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof . . . on account of the race . . . of such person . . . ."  N.J.S.A. § 10:5-12(f)(1).  To state a claim under the NJLAD for discrimination by a place of public accommodation, Plaintiff must allege that he is a member of a protected class, that Defendants' actions were motivated by discrimination, and that "others not within the protected class did not suffer similar adverse . . . actions."  *Partovi v. Felician Coll.*, No. A-1961-09T1, 2011 WL 867275, at *7 (N.J. Super. Ct. App. Div. Mar. 15, 2011) (per curiam) (omission in original).

"[A]ny State governmental agency is a place of public accommodation for purposes of inclusion under the umbrella of the [NJLAD.]"  *Ptaszynski v. Uwaneme*, 371 N.J. Super. 333, 348 (N.J. Super. Ct. App. Div. 2004).  "Although there are currently no state court decisions addressing whether correctional facilities are places of public accommodation, New Jersey district courts have repeatedly found that correctional facilities are places of public accommodation under the NJ

LAD." *Freeman v. McDonnell*, Civ. No. 18-7802, 2021 WL 395875, at *3 (D.N.J. Feb. 4, 2021). Therefore, Defendants are employees of a place of public accommodation. *See also Thomas v. Cnty. of Camden*, 386 N.J. Super. 582, 590 (N.J. Super. Ct. App. Div. 2006) (reversing grant of summary judgment to communications center employee under public accommodation theory).

Nonetheless, Plaintiff's NJLAD claims must be dismissed because he has not sufficiently alleged the second and third elements of a claim, *i.e.*, that he is a member of a protected class and that non-members of that class were treated differently from him. The Second Amended Complaint cursorily states that "Defendants further discriminated against Plaintiff based on his race and violated his basic civil rights" and "Defendants, their agents, servants and/or employees, by their actions as described above, discriminated against Plaintiff based on his race and subjected him to disparate treatment in violation of the New Jersey Law Against Discrimination," (ECF No. 147 ¶¶ 112, 129), but there are no facts that support this allegation. "[C]onclusory allegation[s] of discrimination do[] not satisfy the pleading requirements for this claim." *Partovi*, 2011 WL 867275, at *8. Plaintiff asserts in his opposition papers that "Officer Merten repeatedly called him the 'n-word,'" (ECF No. 166, Opposition Brief at 17), but "Plaintiff cannot rely on his opposition papers to advance facts that are not present in the complaint." *Archie v. Cnty. of Cumberland*, Civ. No. 21-18334, 2023 WL 2554158, at *4 (D.N.J. Mar. 17, 2023) (citing *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")). Therefore, the individual capacity NJLAD claims will be dismissed without prejudice.

### B.    The Retaliation Claim Against Defendants Burns and Bezek May Proceed

Defendants Burns and Bezek assert that Plaintiff's retaliation claim against them must be dismissed pursuant to Rule 12(b)(6). (ECF No. 165, Moving Brief at 34.) "A court reviewing the sufficiency of a complaint must take three steps. First, it must take note of the elements the plaintiff

must plead to state a claim." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (cleaned up) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  Plaintiff's allegation against Defendants Burns and Bezek is as follows: "Further, Defendants Burns and C.O. Collins, with the assistance of SGT Mendoza and SGT Bezek, restricted Plaintiff's legal access by repeatedly and unjustifiably restricting his access to the law library when he had Court deadlines to meet, resulting in a civil case remaining dismissed."  (ECF No. 147 ¶ 109.)  "To state a claim for retaliation, a prisoner must allege that: (1) he was engaged in constitutionally protected conduct, (2) 'he suffered some "adverse action" at the hands of prison officials,' and (3) 'his constitutionally protected conduct was "a substantial or motivating factor" in the decision' to take that action." *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)).

Next, the Court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Connelly*, 809 F.3d at 787 (quoting *Ashcroft*, 556 U.S. at 679).  Plaintiff's allegation that Defendants acted "unjustifiably" is a legal conclusion that the Court need not accept as true.  *See id.* at 789-90 (noting that allegations "embod[ying] a legal point" are not entitled to the presumption of truth on a motion to dismiss).

"Finally, when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 787 (cleaned up).  "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  "A civil rights complaint is pleaded adequately when it includes the conduct, time, place and persons responsible." *Wongus*

*v. Corr. Emergency Response Team*, 389 F. Supp. 3d 294, 300 (E.D. Pa. 2019) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)).

Plaintiff alleges that he was repeatedly denied access to the law library because of filing this lawsuit.  It is well established that the filing of lawsuits or grievances constitutes conduct protected by the First Amendment.  *Atkinson v. Taylor*, 316 F.3d 257, 269-70 (3d Cir. 2003). Repeated denial of access to the law library could plausibly be considered "sufficient to deter a person of ordinary firmness from exercising his constitutional rights."  *Mack v. Warden Loretto FCI*, 839 F.3d 286, 297 (3d Cir. 2016) (internal quotation marks omitted); *see also Atkinson*, 316 at 260 (finding repeatedly depriving plaintiff of ability to conduct "legal work, allegedly for the purpose of preventing him from proceeding with his civil action" could be retaliation); *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000) (finding repeated confinement in administrative segregation resulting in "inadequate access to legal research materials and assistance" could be an adverse action).  Plaintiff alleges that all NJSP employees knew about this lawsuit.  (ECF No. 147 ¶ 47.)  Although the original complaint was filed in 2017, the record reflects Plaintiff's active pursuit of his claims.  "It is not unreasonable to believe that the [Plaintiff's] continuous, protected activities before this Court motivated [Defendants] to take actions against Plaintiff."  *Brown v. Smith*, Civ. No. 20-8463, 2023 WL 120458, at *4 (D.N.J. Jan. 5, 2023); *see also Dondero v. Lower Milford Twp.*, 5 F.4th 355, 362 (3d Cir. 2021) (noting "a pattern of antagonism coupled with timing" or "the record as a whole" may establish causation).

Although the Second Amended Complaint is admittedly sparse, it contains the allegedly retaliatory conduct (denial of access to the law library), the time (multiple occasions),[3] the place

---

[3]    The allegation that Defendants Burns and Bezek denied Plaintiff access to the law library on multiple occasions distinguishes this allegation from the retaliation claim that was dismissed

(the law library), and the persons responsible (Defendants Burns, Collins, Mendoza, and Bezek). (ECF No. 147 ¶ 109.)  "[Plaintiff's] complaint is not as rich with detail as some might prefer, [but] it need only set forth sufficient facts to support plausible claims." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211–12 (3d Cir. 2009).  There is enough information for Defendants Burns and Bezek to respond to the allegations as well as "a reasonable expectation that discovery will reveal evidence of the necessary elements." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (cleaned up).

Defendants' request to dismiss this claim is denied.

### C.    Defendant Hampton is Not Entitled to Summary Judgment

Defendant Hampton argues she is entitled to summary judgment on Plaintiff's claim that she retaliated against him by violating a court order requiring NJSP to set up a meeting with Plaintiff's counsel via the videoconferencing platform Zoom.   (ECF No. 165, Moving Brief at 38; ECF No. 147 ¶ 108.)  Plaintiff asserts summary judgment would be premature as there has been no discovery on this claim.  (ECF No. 166, Opposition Brief at 19-20.)  The Court will deny the request for summary judgment and allow time to take discovery.  Fed. R. Civ. P. 56(d)(2).

"[A] court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988)).  Under Federal Rule of Civil Procedure 56(d), a party opposing summary judgment may submit an affidavit or declaration requesting time to conduct further discovery.  *See Shelton v. Bledsoe*, 775 F.3d 554, 567 (3d Cir. 2015).  Plaintiff's counsel has submitted a certification opposing the summary judgment request.

---

by Judge Sheridan based on a single occurrence of being denied access.  *See Turner v. Johnson*, Civ. No. 17-0541, 2020 WL 6323698, at *6 (D.N.J. Oct. 28, 2020).

(ECF No. 166-2, Certification of Andrew B. Smith, Esq.); *see also Shelton*, 775 F.3d at 567 ("[T]he Federal Rules of Civil Procedure allow for alternatives to a formal affidavit such as 'a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury.'" (quoting Fed. R. Civ. P. 56, advisory committee's note (2010))).  Counsel certifies that "[d]iscovery has not been exchanged in this matter regarding the recently amended Complaint."  (ECF No. 166-2, Certification of Andrew B. Smith, Esq. ¶ 57.)  Specifically, there has been no written discovery between Plaintiff and Defendant Hampton and there have been no depositions of NJSP employees.  (*Id.* ¶¶ 56-58.)  "If discovery is incomplete, a district court is rarely justified in granting summary judgment . . . ."  *Shelton*, 775 F.3d at 568.

Defendant Hampton entered an appearance on April 4, 2024.  (ECF No. 162.)  The Motion followed four days later.  (ECF No. 165.)  The short time between Defendant Hampton's appearance and the filing of the Motion adequately explains why this discovery has not been conducted.  The Court concludes that it would be imprudent to award summary judgment on a claim that has not had the benefit of discovery, especially when retaliation claims often rely on circumstantial evidence to establish intent.  *See Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) ("[M]otivation is almost never subject to proof by direct evidence . . . .")  Plaintiff is entitled to have time to exchange discovery with Defendants before the Court considers a summary judgment motion.  Defendant Hampton's request for summary judgment is denied, and the parties shall consult with Magistrate Judge Bongiovanni regarding a discovery schedule.  Fed. R. Civ. P. 56(d)(2).

## IV.    <u>CONCLUSION</u>

For the reasons stated in this Opinion, Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part.  Plaintiff's NJLAD official capacity claims are dismissed with prejudice and the individual capacity claims are dismissed without prejudice. Fed. R. Civ. P. 12(b)(1) and

(6).   Defendants Burns's and Bezek's request to dismiss the retaliation claim is **DENIED**.

Defendant Hampton's request for summary judgment is **DENIED** to allow for further discovery.

Fed. R. Civ. P. 56(d)(2).  An appropriate Order follows.


Dated: November 25, 2024

_Georgette Castner_ _____

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE